UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

ROSE MARY CALLUM

_____Debtor_____/

Case No. 18-51827
Hon. P. J. SHEFFERLY
Chapter 7

ROSE MARY CALLUM,
             Petitioner,
v.
TOYOTA MOTOR CREDIT CORPORATION,
             Respondent.

_____

### DEBTOR'S MOTION FOR RESTITUTION OF MONEYS PAID UNDER THE RESCINDED REAFFIRMATION AGREEMENT WITH TOYOTA MOTOR CREDIT CORPORATION

Now comes the Debtor, ROSE MARY CALLUM, "Petitioner", who for her Motion for Restitution of Moneys Paid under a Rescinded Reaffirmation Agreement says as follows:

1.   Petition Rosa Mary Callum is the Debtor in this Chapter 7 case filed on August 27, 208.

2.   The Respondent, Toyota Motor Credit Corporation is a secured creditor with whom Debtor entered into a Reaffirmation Agreement dated November 12, 2018. [Exhibit "2"].

3.   The Petitioner made three payments of $404.67 each to the Respondent before Rescinding the Reaffirmation Agreement. [Exhibit "3"].

1

4.    Under Federal Common Law in the event a contract was rescinded pursuant to statutory authority, the Payor is entitled to Restitution of all funds paid under the contract and the parties are entitled to return to the status quo ante.

5.    This Court has jurisdiction over this matter. 28 U.S.C. § 1334.

6.    This is a core proceeding. 28 U.S.C. §157(b)(2)(A), (O).

7.    Petitioner has requested the Respondent to return the funds paid under the rescinded agreement but the Respondent has refused the request.

8.    Petitioner requests an Order of the Court to the Respondent, TOYOTA MOTOR CREDIT CORPORATION to make restitution of funds in the amount of $1,214.00.  See Exhibit 1 for the Proposed Order.

Wherefore the Petitioner Requests the Court order the Respondent to make restitution of $1,214.00 to the Petitioner.


                              FOR THE DEBTOR/PETITIONER

                              By:__/s/_kurt thornbladh___
                              KURT THORNBLADH P25858
                              Thornbladh Legal Group PLLC
                              7301 Schaefer
                              Dearborn, MI 48126
                              (313) 943 2678
                              kthornbladh@gmail.com

     Dated: April 16, 2019.

                                  2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

ROSE MARY CALLUM                          Case No. 18-51827
                                          Hon. P. J. SHEFFERLY
_____Debtor_____/              Chapter 7

ROSE MARY CALLUM,
                Petitioner,
v.
TOYOTA MOTOR CREDIT CORPORATION,
                Respondent.

_____

ORDER FOR RESTITUTION
OF MONEYS PAID UNDER THE RESCINDED
REAFFIRMATION AGREEMENT WITH
TOYOTA MOTOR CREDIT CORPORATION

This matter came before the Court upon the Motion of

Petitioner and Debtor, Rose Mary Callum, for Restitution of

Moneys Paid under the Rescinded Reaffirmation Agreement with

Toyota Motor Credit Corporation, and Counsel for the Debtor

having filed a Motion for Restitution, and having filed a

Certification of Non-Response, and the Court being fully advised

on the premises,

IT IS HEREBY ORDERED that Respondent, TOYOTA MOTOR CREDIT

CORPORATION shall make restitution and restore to the

Petitioner/ Debtor ROSE MARY CALLUM, the sum of One Thousand,

Two Hundred and Fourteen and no/100 ($1,214.00) Dollars.

EXHIBIT "1"
PROPOSED ORDER

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION — DETROIT

In re:

ROSE MARY CALLUM

               Debtor      /

Case No. 18-51827
Hon. P. J. SHEFFERLY
Chapter 7

ROSE MARY CALLUM,
            Petitioner,

v.

TOYOTA MOTOR CREDIT CORPORATION,
            Respondent.

_____

### NOTICE OF FILING AND OPPORTUNITY FOR HEARING

    Rose Mary Callum has filed papers with the court to <u>MOTION FOR RESTITUTION OF MONEYS PAID UNDER THE RESCINDED REAFFIRMATION AGREEMENT WITH TOYOTA MOTOR CORPORATION</u>

    <u>**Your rights may be affected.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to [relief sought in a motion or objection], or if you want the court to consider your views on the [motion] [objection], within _____14_____ days, you or your attorney must:

1.            File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
17th Floor -- Intake
211 W. Fort Street
Detroit MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

| Kurt Thornbladh (P25858) | Wendy Lewis |
|---|---|
| Thornbladh Legal Group PLLC | Chapter 7 Trustee |
| 7301 Schaefer | Chapter 7 Trustee |
| Dearborn, MI 48126 | 444 West Willis |
| (313) 943 2678 | Suite 101(313)832 5555 |
| kthornbladh@gmail.com | |

2.            If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

DATED:           April 16, 2019          FOR THE DEBTOR(S):
                                By: _/s/_kurt thornbladh_____
                                KURT THORNBLADH P25858
                                Thornbladh Legal Group PLLC
                                7301 Schaefer
                                Dearborn MI 48126
                                (313) 943 2678
                                kthornbladh@gmail.com

---

1  Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

ROSE MARY CALLUM

_____Debtor_____/

Case No. 18-51827
Hon. P. J. SHEFFERLY
Chapter 7

ROSE MARY CALLUM,
                Petitioner,

v.

TOYOTA MOTOR CREDIT CORPORATION,
                Respondent.

_____

MEMORANDUM OF LAW

Federal Common Law with regard to Rescission and Restitution is
discussed at length in **Thorp Loan & Thrift Co. v. Buckles (In re
Buckles)**, 189 B.R. 752 (U.S. Dist.Ct. Minn. 1995). The
prevailing rule is that Payor is entitled to restitution of
payments.

"As several courts have noted, the first impression created by
the statute does not quite comport with the traditional notion
of the remedy of rescission. Rescission of a contract, of
course, is to result in the return of both parties to the *status
quo ante:* each side is to be restored to the property and legal
attributes that it enjoyed before the contract was entered and
performed. *F.D.I.C. v. Hughes Dev. Co., Inc.,* 684 F. Supp. 616,
622 (D. Minn. 1988) (Citing *James v. Home Constr. Co. of Mobile,
Inc.,* 621 F.2d 727, 730 (5th Cir. 1980)); *Dougherty v. Hoolihan,
Neils, and Boland, Ltd.,* 531 F. Supp. at 721."

                Respectfully submitted
                FOR THE PETITIONER/DEBTOR

                By:__/s/_kurt thornbladh___
                KURT THORNBLADH P25858
                Thornbladh Legal Group PLLC
                7301 Schaefer
                Dearborn MI 48126
                (313) 943 2678
                kthornbladh@gmail.com

Dated:     April 16, 2019

EXHIBIT "2"

REAFFIRMATION AGREEMENT

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Rose Marie Callum |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern    District of    Michigan (State) |
| Case number | 18-51827-PJS |

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

**Part 1:    Explain the Repayment Terms of the Reaffirmation Agreement**

1. **Who is the creditor?**    Toyota Motor Credit Corporation
   Name of the creditor

2. **How much is the debt?**
   - On the date that the bankruptcy case is filed    $ 19,358.14
   - To be paid under the reaffirmation agreement    $ 19,358.14
   - $404.67 per month for 57 months (if fixed interest rate)

3. **What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
   - Before the bankruptcy case was filed    7.6500%
   - Under the reaffirmation agreement    7.6500%    ☒ Fixed rate    ☐ Adjustable rate

4. **Does collateral secure the debt?**
   - ☐ No
   - ☒ Yes. Describe the collateral.    2014 TOYOTA VENZA, VIN: 4T3ZA3BB3EU082118
     Current market value    $ 18,375.00

5. **Does the creditor assert that the debt is nondischargeable?**
   - ☒ No
   - ☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

6. **Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.**

   Income and expenses reported on Schedule I and J

   - 6a. Combined monthly income from line 12 of Schedule I    $ 2,149.50
   - 6b. Monthly expenses from line 22c of Schedule J    $ 2,149.50
   - 6c. Monthly payments on all reaffirmed debts not listed on Schedule J    $ _____
   - 6d. Scheduled net monthly income    $ 0.00
     Subtract lines 6b and 6c from 6a.
     If the total is less than 0, put the number in brackets.

   Income and expenses stated on the reaffirmation agreement

   - 6e. Monthly income from all sources after payroll deductions    $ 2,149.50
   - 6f. Monthly expenses    $ 2,149.⁵⁰
   - 6g. Monthly payments on all reaffirmed debts not included in monthly expenses    $ ∅
   - 6h. Present net monthly income    $ ∅
     Subtract lines 6f and 6g from 6e.
     If the total is less than 0, put the number in brackets.

| Debtor 1 | Rose | Marie | Callum | Case number (if known) | 18-51827-PJS |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**7.** Are the income amounts on lines 6a and 6e different?
☑ No
☐ Yes.    Explain why they are different and complete line 10. _____

_____

**8.** Are the expense amounts on lines 6b and 6f different?
☑ No
☐ Yes.    Explain why they are different and complete line 10. _____

_____

**9.** Is the net monthly income in line 6h less than 0?
☑ No
☐ Yes.    A presumption of hardship arises (unless the creditor is a credit union).
Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

_____

_____

_____

**10.** Debtor's certification about lines 7-9

If any answer on lines 7-9 is Yes, the debtor must sign here.

If all the answers on lines 7-9 are No, go to line 11.

I certify that each explanation on lines 7-9 is true and correct.

✗ *Rose Callum*
Signature of Debtor 1

✗ _____
Signature of Debtor 2 (Spouse Only in a Joint Case)

**11.** Did an attorney represent the debtor in negotiating the reaffirmation agreement?
☐ No
☑ Yes.    Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
☑ No
☐ Yes

---

## Part 2:   Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

✗ _____
Signature

Date ___11.9.18___
     MM / DD / YYYY

Printed Name
Craig A. Edelman
~~Jason Cottrell~~
(John Rafferty)
~~Mukta Suri~~
Natalie Lea
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698
E-mail: consumer7@nbsdefaultservices.com

Check one:
☐ Debtor or Debtor's Attorney
☐ Creditor or Creditor's Attorney
☒ Creditor's Authorized Agent

18-51827-pjs   Doc 26   Filed 11/12/18   Entered 11/12/18 11:05:26   Page 2 of 9
Official Form 427           Cover Sheet for Reaffirmation Agreement       Page 2
18-51827-pjs   Doc 36   Filed 04/16/19   Entered 04/16/19 18:03:40   Page 8 of 21

B2400A (12/15)

Check One.
☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
*See Debtor's Statement in Support of Reaffirmation,
Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:  Rose Marie Callum                        §                Case No. 18-51827-PJS
                        Debtor                           §                Chapter 7
                                                                 §
                                                                 §
                                                                 §

## REAFFIRMATION DOCUMENTS

### Name of Creditor: Toyota Motor Credit Corporation

☐  Check this box if Creditor is a Credit Union

**PART I.          REAFFIRMATION AGREEMENT**

**Reaffirming a debt is a serious financial decision.  Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A.  Brief description of the original agreement being reaffirmed: Motor Vehicle Lien

B.  *AMOUNT REAFFIRMED*:                                                                              $19,358.14
     The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before September 10, 2018, which is the date of the Disclosure Statement portion of this form (Part V).

     *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C.  The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is 7.6500%.

     *See definition of "Annual Percentage Rate" in Part V, Section C below.*

     This is a *(check one)*              ☒ Fixed Rate                    ☐ Variable Rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D.   Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☒   $   404.67   per month for  57  months starting on        October 3, 2018

**\*On the maturity date, all outstanding amounts owed under this reaffirmation agreement shall be immediately due and payable.**

☐   Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

_____

_____

_____

E.   Describe the collateral, if any, securing the debt:

Description: 2014 TOYOTA VENZA, VIN: 4T3ZA3BB3EU082118

Current Market Value:        $18,375.00

F.   Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒  Yes.     What was the purchase price for the collateral?      $23,311.59

☐  No.      What was the amount of the original loan?      $_____

G.   Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|                                    | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|------------------------------------|------------------------------------|---------------------------|
| Balance Due *(including fees and costs)* | $19,358.14                    | $19,358.14                |
| Annual Percentage Rate             | 7.6500%                            | 7.6500%                   |
| Monthly Payment                    | $404.67                            | $404.67                   |

H.   ☐   Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____

_____

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A.   Were you represented by an attorney during the course of negotiating this agreement?
Check one.   ☒  Yes      ☐  No

B.   Is the creditor a credit union?
Check one.   ☐  Yes           ☒  No

C. If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

    1. Your present monthly income and expenses are:

        a.   Monthly income from all sources after payroll deductions        $2,149.50
             (take-home pay plus any other income)

        b.   Monthly expenses        $ 1744.93
             (including all reaffirmed debts except this one)

        c.   Amount available to pay this reaffirmed debt        $ 404.57
             (subtract b. from a.)

        d.   Amount of monthly payment required for this reaffirmed debt        $404.67

    *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☑ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    _____

    _____

    _____

    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

    *Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

(1).  I (We) agree to reaffirm the debt described above.

(2).  Before signing this Reaffirmation Agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3).  The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4).  I am (We are) entering into this agreement voluntarily and am (are) fully informed of my (our) rights and responsibilities; and

(5).  I (We) have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign):

Date  _10/14/2018_    Signature  _Rose Callum_
                                 Rose Marie Callum

Date  _____    Signature  _____

**Reaffirmation Agreement Terms Accepted by Creditor:**

| Creditor | Toyota Motor Credit Corporation *Print Name* | 14841 Dallas Parkway, Suite 425, Dallas, Texas 75254 *Address* |
|---|---|---|
| *Print Name of Representative* Craig A. Edelman ~~Jason Cottrill~~ (John Rafferty) ~~Mukta Suri~~ Natalie Lea | _JR_    _11.9.18_ *Signature*    *Date* | |

## PART IV.  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is (are) able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _10/29/2018_ Signature of Debtor's Attorney  _____
                  Print Name of Debtor's Attorney  Kurt Thornbladh

## PART V.     DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents package requiring signature, have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

18-51827-pjs     Doc 26     Filed 11/12/18     Entered 11/12/18 11:05:26     Page 7 of 9
3518-N-9241
18-51827-pjs     Doc 36     Filed 04/16/19     Entered 04/16/19 18:03:40     Page 13 of 21

6. **When will this reaffirmation agreement be effective?**

   a. **If you *were represented* by an attorney during the negotiation of your reaffirmation agreement**

      i. **if the creditor is not a Credit Union,** your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

      ii. **if the creditor is a Credit Union,** your reaffirmation agreement becomes effective when it is filed with the court.

   b. **If you *were not represented* by an attorney during the negotiation of your reaffirmation agreement,** the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

## B. INSTRUCTIONS

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B2400B to do this.

## C. DEFINITIONS

1.  **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

2.  **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.  **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

EXHIBIT "3"

RESCISSION

United States Bankruptcy Court
Eastern District of Michigan

In re:

ROSE MARY CALLUM,

Case No.18-51827
Judge:PHILLIP J. SHEFFERLY
Chapter 7

Debtor(s).

_____/

## NOTICE OF RECISSION OF REAFFIRMATION AGREEMENT
## UNDER 11 USC § 524   GIVEN TO:  TOYOTA MOTOR CORPORATION
% National Bankruptcy Service LLC
14841 Dallas Parkway, Suite 300
Dallas TX 75254

Debtor(s) hereby give notice of Recission and Rejection of Executory Contract as follows:

1.      Pursuant to Section 524 of Title 11, United States Code and any and all other provisions to this effect, Debtor(s) rescind a certain reaffirmation agreement being docket number # 26 and having been filed .on November 12, 2018.

2.      To the extent that the agreement in the reaffirmation may be construed as an Executory Contract, Debtors hereby reject the same under 11 USC 365(a) and other provisions made to this effect.

3.      A copy of the letter sent to the Creditor is attached.

FOR THE DEBTOR:
By:__/s/_kurt thornbladh_____
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn MI 48126
(313) 943 2678
Kthornbladh@gmail.com

Dated:     November 27, 2018

United States Bankruptcy Court
Eastern District of Michigan

In re:

ROSE MARY CALLUM,                          Case No.18-51827
                                            Judge:PHILLIP J. SHEFFERLY
                                            Chapter 7

                Debtor(s).
_____/


                Debtor(s).
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018 I electronically filed NOTICE OF
RECISSION OF REAFFIRMATION AGREEMENT UNDER 11 USC § 524 AND NOTICE OF
REJECTION OF REJECTION OF EXECUTORY CONTRACT UNDER 11 USC § 365(a)
with the Clerk of the Court using the ECF system which will send notification of such filing to
the following:

Shawn C. Drummond     easternecf@trottlaw.com, mitrottlaw@ecf.courtdrive.com
Wendy Turner Lewis     wtl@trustesolutions.net, trustee@lewistrustee.com
Crystal L. Price-Buckley     easternecf@trottlaw.com, mitrottlaw@ecf.courtdrive.com
Kurt Thornbladh     kthornbladh@gmail.com, thornbladh.kurt3@gmail.com

And I hereby certified that I have mailed by United States Postal Service the Paper(s) to
the following non-ECF participants:

TOYOTA MOTOR CORPORATION
% National Bankruptcy Service LLC
14841 Dallas Parkway, Suite 300
Dallas TX 75254

Date:November 27, 2018

                                    **/s/ Kurt Thornbladh**
                                    Attorney for Debtor(s)
                                    Thornbladh Legal Group PLLC
                                    7301 Schaefer
                                    Dearborn, MI 48126

(313) 943 2678
kthornbladh@gmail.com
P25858

KURT THORNBLADH, J.D., M.Ed.
THORNBLADH LEGAL GROUP PLLC
7301 Schaefer
Dearborn MI 48126
(313) 943 2678
Kthornbladh@gmail.com

November 27, 2018

National Bankruptcy Services LLC
14841 Dallas Parkway Suite 300
Dallas TX 75254

     Subject: ROSE MARIE CALLUM
              Chapter 7 Case No. 18-51827-PJS

Dear sir or madame:

Rose Marie Callum, after examining her finances, elects to
rescind her reaffirmation for her 2014 Toyota Venza, VIN
4&3ZA3BB3EU082118.

A copy of the Notice of Rescission filed with the Court is
enclosed.

                    Sincerely yours,
                    /s/ kurt thornbladh

                    Kurt Thornbladh

**CLIENT STATEMENT**

     I, Rose Marie Callum, desire to rescind my reaffirmation
agreement of my own free will and deed.

                    /s/rose marie callum
                    Rose Marie Callum

Dated:     November 27, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION — DETROIT

In re:

ROSE MARY CALLUM

_____Debtor_____/

ROSE MARY CALLUM,
                    Petitioner,
v.
TOYOTA MOTOR CREDIT CORPORATION,
                    Respondent.

_____

Case No. 18-51827
Hon. P. J. SHEFFERLY
Chapter 7

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019 I electronically filed DEBTOR'S MOTION FOR RESTITUTION OF MONEYS PAID UNDER THE RESCINDED REAFFIRMATION AGREEMENT WITH TOYOTA MOTOR CREDIT CORPORATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Shawn C. Drummond    easternecf@trottlaw.com, mitrottlaw@ecf.courtdrive.com
Wendy Turner Lewis    wtl@trustesolutions.net, trustee@lewistrustee.com
Crystal L. Price-Buckley    easternecf@trottlaw.com, mitrottlaw@ecf.courtdrive.com
Kurt Thornbladh    kthornbladh@gmail.com, thornbladh.kurt3@gmail.com

And I hereby certified that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

TOYOTA MOTOR CREDIT CORPORATION
14841 Dallas Parkway Suite 425
Dallas TX 75254

Date:April 16, 2019

                          **/s/ Kurt Thornbladh**
                          Attorney for Debtor(s)
                          Thornbladh Legal Group PLLC
                          7301 Schaefer
                          Dearborn, Michigan 48126-4315 48532
                          (313) 943-2678
                          kthornbladh@gmail.com
                          P25858