UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                 Chapter 7

Rose Mary Callum,                       Case No. 18-51827

            Debtor.                             Hon. Phillip J. Shefferly
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR RESTITUTION OF MONIES PAID
UNDER RESCINDED REAFFIRMATION AGREEMENT**

On August 27, 2018, the Debtor filed this Chapter 7 case. On November 12, 2018, the Debtor entered a reaffirmation agreement with Toyota Motor Credit Corporation ("Toyota") and filed a copy of it with the Court. On November 27, 2018, the Debtor filed a notice of rescission of the reaffirmation agreement. The Debtor's case then proceeded to discharge and was closed.

On March 15, 2019, the Debtor filed a motion to reopen this case for various reasons, including to seek relief regarding violations of the discharge injunction, but also to seek restitution of monies paid by the Debtor under the reaffirmation agreement. The Court granted the Debtor's motion.

On April 16, 2019, the Debtor filed a motion ("Motion") (ECF No. 36) for restitution of monies paid to Toyota under the reaffirmation agreement. The Motion states that the Debtor made three payments to Toyota before rescinding the reaffirmation agreement and requests an order of restitution for $1,214.00. On May 22, 2019, the Debtor filed a certificate of no response to the Motion and uploaded a proposed order for the Court to sign.

Even though Toyota has not filed a response to the Motion, the Court is still duty bound to determine whether the facts and the law support the relief requested in the Motion. Putting aside for the moment the legal question of whether restitution is a proper remedy in these circumstances, and putting aside the factual questions regarding when the Debtor made the three payments and whether the Debtor retained possession of the vehicle that was subject to the reaffirmation agreement, the Court finds that the Motion was not properly served and therefore must be denied.

The Motion is a contested matter under Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 9014(b) states that a motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 7004(b)(3) provides that service on a domestic or foreign corporation may be made by mail but requires that the mail be sent "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service

- 2 -

18-51827-pjs    Doc 42    Filed 06/05/19    Entered 06/05/19 13:38:49    Page 2 of 3

of process." The Debtor's certificate of service (ECF No. 36) states that the Debtor mailed the Motion to Toyota, 14841 Dallas Parkway, Suite 425, Dallas, TX 75254, but does not state that the Motion was mailed to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process for Toyota.

The Court realizes that the amount in controversy under the Motion is not substantial. And the Court does not wish to unnecessarily burden the Debtor with legal fees that are excessive and may dilute any recovery to which the Debtor may be entitled. However, there is a due process issue. If the Debtor wants an enforceable order requiring Toyota to pay the Debtor a sum of money, the Debtor must employ process in the manner required by Fed. R. Bankr. P. 7004(b)(3). Accordingly,

**It Is Hereby Ordered** that the Motion is denied without prejudice to the Debtor's right to seek an order of restitution from Toyota in a manner that complies with the applicable Federal Rules of Bankruptcy Procedure.

**Signed on June 05, 2019**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge